UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-80641- DIMITROULEAS/MATTHEWMAN

MATTHEW LILIENTHAL,

    Plaintiff,

v.

ASPEN AMERICAN INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION IN LIMINE TO LIMIT TESTIMONY BY DEFENDANT'S WEATHER EXPERT, AUSTIN L. DOOLEY, PH. D. [DE 76]

THIS CAUSE is before the Court upon Plaintiff's Motion in Limine to Limit testimony by Defendant's Weather Expert, Austin L. Dooley, PH. D ("Dr. Dooley") ("Motion"). [DE 76]. Plaintiff's request to limit Dr. Dooley's testimony under Federal Rule of Civil Procedure 26 was referred to the undersigned. [DE 80]. Defendant responded. [DE 85]. The Court held a hearing on the Motion via Zoom Video Teleconference (VTC) on June 22, 2021. Having heard argument from counsel and being otherwise fully advised, the Court orally ruled on the Motion in open Court, as memorialized in this written Order.

A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. *Luce v. U.S.*, 469 U.S. 38, 41(1984). Motions in limine are generally disfavored as admissibility questions should be ruled upon as they arise at trial. *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013). As a result, if evidence is not clearly inadmissible, "evidentiary rulings must be deferred until trial to allow questions regarding foundation, relevancy, and

prejudice." *Lordeus v. Torres*, 1:17-CV-20726-UU, 2018 WL 1364641, at *1 (S.D. Fla. Mar. 1, 2018) (quoting *Kobie v. Fifthian,* 2014 WL 1652421 at *1 (M.D. Fla. 2014)).

First, to the extent the Motion could be construed as seeking some sort of relief under *Daubert*, the request is untimely. The deadline for filing *Daubert* motions has been set at sixty days before the calendar call. [DE 12]. This Motion was filed on June 4, 2021 [DE 76], and calendar call in this case is June 25, 2021 [DE 84]. Accordingly, to the extent the Motion seeks relief under *Daubert*, the request is DENIED as untimely.

Second, the Court must decide whether there has been a discovery violation under Rule 26 prejudicing Plaintiff. Rule 26(a)(2)(B)(i) requires that an expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Disclosure of expert testimony' within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a written expert report containing 'a complete statement of all opinions' and 'the basis and reasons therefore.'" *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (quoting Fed. R. Civ. P. 26(a)(2)(B)). Federal Rule of Civil Procedure 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence…at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Therefore, the timeline here is important. On January 6, 2021, Defendant filed its expert witness disclosure, which identified Dr. Dooley as an expert, "expected to testify about the marine and weather conditions that occurred between the Bahamas and West Palm Beach, Florida prior to and during Hurricane Dorian, as well as the forecast track of the storm. He will testify as to all opinions contained within his report." [DE 30]. However, Dr. Dooley's expert

2

report was not attached, which is a technical violation of Rule 26(a)(2)(B). That is, Defendant disclosed Dr. Dooley, said he would testify as to all matters stated in the disclosure and in his report, but did not attach or serve an expert report from Dr. Dooley on that date.

Next, on February 16, 2021, Defendant filed its amended expert witness disclosure, again identifying Dr. Dooley as an expert, "expected to testify about the marine and weather conditions that occurred between the Bahamas and West Palm Beach, Florida prior to and during Hurricane Dorian, as well as the forecast track of the storm. He will testify as to all opinions contained within his report." [DE 49]. The amended expert witness disclosure properly attached Dr. Dooley's expert report [DE 49, p. 46-113]. Because the deadline to disclose expert testimony is at least ninety days before trial, and trial is set for June 28, 2021 [DE 84], the amended expert witness disclosure is timely. *See* Fed. R. Civ. P. 26(a)(2)(D). Therefore, the amended expert disclosure cured the technical defect in the initial expert disclosure as to Dr. Dooley.

Further, Plaintiff was also able to take a full deposition of Dr. Dooley on February 26, 2021. [DE 76-1]. Since the amended expert witness disclosure was timely and legally sufficient, and because Plaintiff was able to take the full deposition of Dr. Dooley, there is no discovery violation under Rule 26 as to Dr. Dooley.

However, the Court must address the testimony of Dr. Dooley during his deposition. [DE 76-1]. Dr. Dooley testified that he would not be rendering "any opinions as to what preparations Mr. Lilienthal should have taken by 8:00 on Friday the 30th." [DE 76-1, p. 16-17]. He therefore must be precluded from offering any such testimony. It would be patently unfair, and a discovery violation, for Dr. Dooley to state under oath he was not going to be rendering any opinions as to what preparations Mr. Lilenthal should have taken "by 8:00 on Friday the 30th" and then turn around at trial and attempt to offer such opinions. Further, Dr. Dooley testified in his deposition

3

that he was not offering any opinions in the capacity of a navigation expert. *Id.* at 20. Therefore, Dr. Dooley should be precluded from offering any opinions in the capacity of a navigation expert at trial.

Dr. Dooley has been noticed by Defendant as an expert in weather conditions that occurred between the Bahamas and West Palm Beach prior to and during Dorian, forecast conditions, observed conditions, maritime meteorology, and the forecast track of the storm. Any testimony from Dr. Dooley that ventures into opinions on navigation or matters which he stated in his deposition he would not be testifying should not be allowed. *See Access for the Disabled, Inc. v. T.S. Margate Co., Ltd*., 08-60483-CIV, 2008 WL 2761284, at *1 (S.D. Fla. July 15, 2008).

Further, to the extent that Plaintiff is arguing that Dr. Dooley should not be permitted to testify as to movement of other vessels, or any other opinions which Plaintiff believes invade the purview of a navigation expert, all such objections must be timely made by Plaintiff at trial. Such objections cannot be decided in the abstract on a pretrial motion in limine as the landscape may change as the trial progresses. Judge Dimitrouleas can readily rule during trial on any objections to Dr. Dooley's testimony or opinions which Plaintiff believes strays outside of his disclosed opinions or into areas of a navigation expert.

Finally, to the extent Plaintiff takes issue with portions of Dr. Dooley's report dealing with the movement of other vessels, or other opinions in Dr. Dooley's report that Plaintiff believes stray into the area of a navigation expert, the Court notes that Dr. Dooley will be testifying at trial and orally stating his opinions. To the extent Defendant seeks to also introduce the written report of Dr. Dooley, Plaintiff can voice any objections at trial and seek to have the report redacted or not admitted into evidence. Again, that decision is up to Judge Dimitrouleas.

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff's Motion in Limine to Limit testimony by Defendant's Weather Expert, Austin L. Dooley, PH. D [DE 76] is **GRANTED IN PART AND DENIED IN PART** as stated herein

**DONE and ORDERED** in Chambers this 23rd day of June, 2021, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
United States Magistrate Judge